UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. FRITCH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 16cv02448 JAH - BGS<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER** |

## INTRODUCTION

Plaintiff, John R. Fritch, filed a complaint for relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff seeks a review of Defendant United of Omaha Life Insurance Company's termination of long term disability ("LTD") payments. Defendant filed an answer on October 21, 2016. See Doc. No. 4.

The parties filed separate trial briefs and Defendant filed a motion *in limine* on July 24, 2017. Plaintiff filed a reply to Defendant's trial brief and an opposition to the motion *in limine* on August 21, 2017. Defendant filed a reply to Plaintiff's trial brief and a second motion *in limine* on August 21, 2017. The parties filed separate memorandum of contentions of fact and law on October 9, 2017. They parties appeared before this Court for hearing the motions *in limine* and trial on October 17, 2017. Having heard oral

argument presented at trial and having considered the record as a whole, this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff was employed by Arena Pharmaceuticals, Inc. as an Associate Fellow performing research and development work beginning April 1, 2002.

2. During his employment, Plaintiff was a participant in Arena's employee benefit plan which included long term disability benefits funded by a group insurance policy issued by Defendant.

3. The plan provides for long term disability benefits equal to 60% of month earnings in the event of total disability.

4. Plaintiff suffered a herniated disc on March 15, 2013, and underwent back surgery.

5. Plaintiff underwent surgery again on January 12, 2015, after being diagnosed with spinal stenosis.

6. Plaintiff submitted a claim for short term disability benefits just prior to his surgery which Defendant approved effective January 12, 2015 through March 15, 2015. Benefits terminated when Plaintiff returned to work on March 8, 2015.

7. At a follow-up visit with surgeon Dr. Scott Leary in April 2015, Plaintiff complained of returned pain and Dr. Leary determined Plaintiff suffered from spinal instability and recommended another surgery.

8. Plaintiff underwent another surgery on May 11, 2015.

9. Defendant approved an extension of short term disability benefits through June 14, 2015.

10. Defendant approved long term disability payments beginning June 15, 2015.

11. On June 30, 2015, Plaintiff saw Dr. Leary for a follow-up consultation. Dr. Leary noted Plaintiff was doing well overall and reported continued improvement of his lower back pain but did complain of bilateral leg pain which was made worse with prolonged sitting.

12. On August 7, 2015, Plaintiff was seen by Dr. Janine Kasch for dizziness, palpitations, back pain, neck pain, tremor and thyroid problems. Plaintiff reported his lower back pain was moderate to severe and was relieved by lying down and pain medication. Dr. Kasch noted Plaintiff was 3 months post-op from back surgery and he could not sit for more than 20 minutes.

13. On August 18, 2015, Plaintiff returned to Dr. Leary for a follow up and reported decreased back pain, increased flexibility and the ability to tolerate more activity but also reported he was still limited to a sitting tolerance of 15-30 minutes. Dr. Leary noted good postoperative recovery and instructed Plaintiff to gradually increase activity levels and remain off work for additional 3 months.

14. On September 21, 2015, Plaintiff saw Dr. Kasch for hypertension, heartburn, anxiety and back pain. Plaintiff reported slow progress with his back pain and taking oxycodone and lyrica for the pain. Dr. Kasch counseled Plaintiff to start tapering off the lyrica and use the oxycodone sparingly.

15. On September 24, 2015, Plaintiff went to urgent care complaining of insomnia. The doctor opined that Plaintiff was likely withdrawing from lyrica and valium and advised Plaintiff to go back to his usual doses.

16. On November 4, 2015, Plaintiff saw Dr. Kasch for a medical check, bp check and back pain. Plaintiff reported worsening back pain which is relieved by lying down, movement and changing positions. Plaintiff also reported he could sit up for 2 hours a day but in a lot of pain which reduced his concentration and that he could sit, stand or walk a total of 8 hours a day, maximum 2 hours at a time. Dr. Kasch directed Plaintiff to continue his lyrica dose for 2 weeks and then start tapering off.

17. On November 17, 2015, Plaintiff saw Dr. Leary for a follow up and reported his back felt strong and stable and his flexibility increased with physical therapy. Plaintiff also reported his back pain was still present but better than prior to the surgery. Dr. Leary instructed Plaintiff to continue physical therapy, use of growth stimulator and a gradually increase in activity levels.

18. On November 20, 2015, Plaintiff submitted a "Declaration of Disability" maintaining he was unable to drive more than 15-25 miles at one time; sit more than 15-20 minutes at one time; sit more than 2 hours in a workday; stand with pacing more than 1 hour at a one time; stand with pacing more than 3 hours in a workday with 1 hour of sitting or more than 2 hours in a workday with 2 hours of sitting; lift more than 10 pounds on an occasional basis; lift anything on a frequent basis; and bend, stoop or twist on a regular basis due to pain in his back or legs or a feeling of weakness in his legs.

19. Nurse Denise Theisen issued a report opining that Plaintiff should be able to lift, push, pull and carry up to 25 pounds occasionally, and less than that more frequently; sit, stand and/or walk up to 6 hours each or combination thereof in an 8 hour workday from November 18, 2015, but should continue to limit constant twisting and bending.

20. In a letter dated January 6, 2016, Defendant wrote to Dr. Leary explaining it believed, despite his ongoing restrictions and limitations, Plaintiff could return to his prior occupation as an associate fellow on a full-time basis and asking Dr. Leary to sign the letter if he agreed with the assessment.

21. Dr. Leary signed the letter on January 12, 2016.

22. Defendant denied Plaintiff's claim for long term disability benefits on January 22, 2016.

23. Plaintiff participated in a functional capacity evaluation on April 11, 2016. The evaluator, Barbara Tourtellot, opined Plaintiff demonstrated the following functional capacity: (1) maximum sitting tolerance of approximately 27 minutes and an average sitting tolerance of 10 minutes; (2) stationary standing tolerance of approximately 2 to 10 minutes maximum and an average standing capacity of 6 minutes; (3) a capacity for short periods of repetitive reaching; (4) the ability to walk for short periods of time; (5) above average grip strength.

24. Plaintiff appealed Defendant's denial of benefits through counsel on May 2, 2016.

25. Dr. Alan Neuren, MD, performed a medical review and opined there was lack of support for impairment beyond November 17, 2015.

26. Defendant notified Plaintiff's counsel of its decision upholding its prior denial on July 27, 2016.

27. Plaintiff submitted additional medical records from Dr. Kasch, Dr. Andrew Chen, a cardiologist, and Dr. Christiana Silva of SD Psychological Services, on August 23, 2016.

28. Defendant notified Plaintiff the records did not alter its decision and it upheld the denial of benefits by letter dated September 13, 2016.

29. Plaintiff filed this action seeking review of the denial on September 29, 2016.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the proceedings under 29 U.S.C. section 1132(e).

2. The parties agree the Court must conduct a *de novo* review of Defendant's denial of benefits. A court conducting a *de novo* review of a challenge to a denial of benefits evaluates whether the plan administrator correctly or incorrectly denied benefits. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 948 (9th Cir. 2006). This determination is made based upon the evidence in the administrative record. See Opeta v. Northwest Airlines Pension Plan for Contract Employees, 484 F.3d 1211 (9th Cir. 2007). However, a court may consider, in its discretion, extrinsic evidence when it is necessary to conduct an adequate *de novo* review. Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 943-44 (9th Cir. 1995).

3. The Court finds Plaintiff's medical records from 2014, 2015 and 2017, and the July 2017 letter from Dr. Leary are necessary to conduct an adequate *de novo* review due to the existence of complex medical issues and lack of clarity. In the July 2017 letter, Dr. Leary explains he did not have specific details regarding the physical requirements of Plaintiff's job nor had the opportunity to review the functional capacity evaluation when he signed the January 6, 2016 letter, and he defers to the functional capacity evaluation findings which he describes as "thorough in its testing and evaluation of [Plaintiff's] functionality."

4. The Court finds Plaintiff's June 20, 2017 declaration which seeks to modify his job description is irrelevant and inadmissible.

5.  Plaintiff has the burden to demonstrate he is disabled under the terms of the plan. See <u>Muniz v. Amec Construction Mgmt., Inc.</u>, 326 F.3d 1290, 1294 (9th Cir. 2010).

6.  The Court finds the medical evidence supports the functional capacity evaluation findings as to Plaintiff's functional limitations.

7.  The Court finds Dr. Neuren's and Nurse Theisen's paper review reports which included no examination, observation or discussion with Plaintiff are not supported by the evidence of record and are less persuasive than the information provided by Plaintiff's treating physicians and the function capacity evaluation.

8.  The Court finds Plaintiff meets his burden of demonstrating by a preponderance of the evidence he is disabled under the terms of the plan.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1.  Judgment is entered in favor of Plaintiff. Defendant's denial of benefits is reversed. Defendant shall pay long term disability benefits in the amount of $9,012.50 a month as provided under the applicable plan from January 22, 2016 through December 15, 2018.

2.  The parties shall file briefs on the applicable prejudgment interest rate **on or before December 29, 2017**. The parties shall file responsive briefs **on or before January 12, 2018**.

DATED: December 6, 2017

JOHN A. HOUSTON
United States District Judge